# The Pellegrino Law Firm
### A PROFESSIONAL CORPORATION

**MEMO ENDORSED**

BERNARD PELLEGRINO (1929-1984)
BERNARD A. PELLEGRINO
FRANK M. MORGILLO
MICHAEL D. SAFFER*
ANTHONY R. DECHELLO
STEPHEN R. BELLIS
FRANCES B. GRANQUIST
BERNARD PELLEGRINO
MAUREEN E. BURNS
GAYLE A. SIMS
GIA SCHIOPPO CALISTRO**
GREGORY J. GALLO***

\* Admitted In Massachusetts
\*\* Admitted in Rhode Island
\*\*\* Admitted in New York


RECEIVED MAR 25 2008 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/08

March 24, 2008

Honorable P. Kevin Castel
U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Via Federal Express*

RE:   *Docket No. 07 CR 945-01 (PKC)*
      *United States of America v. Garrett D. Santillo*
      *Our File No. S0992001*

Dear Judge Castel:

I enclose herewith a March 5, 2008 report issued by Dr. Joel Bregman together with the report issued by Dr. Brockett mentioned therein in response to the Santillo family's request to address issues that will be significant to a correction facility that may have custody of their son, Garrett Santillo. I previously requested a conference with the Court in an effort to determine whether you will consider the content of Dr. Bregman's report and/or permit Dr. Bregman to testify as part of the completion of Garrett Santillo's sentencing.

Dr. Bregman has grave concerns relative to Garrett Santillo's incarceration and he is of the belief that the Court would not sentence Mr. Santillo as you have already indicated if you were fully aware of and fully appreciated the nature of his Asperger's Syndrome condition. Although the Court was provided with copies of prior reports that addressed Mr. Santillo's condition, Dr. Bregman is of the belief that the Court, if it was so inclined, could benefit from the explanation of Mr. Santillo's condition and his assessment as to the root of his conduct if he had the ability to address the Court.

I fully appreciate that this is an exceptional request and I make it in the interest of pursuing justice and only after weighing the input of Dr. Bregman and his characterization that incarcerating Mr. Santillo for his conduct is the equivalent of incarcerating a blind individual for bumping into things.

475 WHITNEY AVENUE  NEW HAVEN, CT  06511
Tel (203) 787-2225  Fax (203) 777-2096
E-Mail (attorney's initials)@pellegrinolawfirm.com
WEB SITE:  www.pellegrinolawfirm.com

3/24/2008
Page 2

I respectfully request the direction from the Court as to whether it will permit Dr. Bregman to address the Court prior to completion of the Court's sentencing and if not, if it will order that Dr. Bregman's report and Dr. Brockett's report which are included herewith, be incorporated as part of Mr. Santillo's sentence for the benefit of the Federal Bureau of Prisons. If Dr. Bregman will be permitted to testify, I will need to contact him in order to make certain that he is available on April 7, 2008

I appreciate your consideration of this matter and look forward to your response.

Respectfully,

ANTHONY R. DECHELLO
ARD/pmd
Enclosure
cc:   Thomas G. A. Brown, Esq. – with enclosure
      Christopher Ferrall – with enclosure
      Garrett Santillo – with enclosure
      William Santillo – with enclosure

> Dr Bregman's after-the-fact "characterization" of this Court's sentencing decision -- including his views on the ways society has advanced on its viewpoints -- will be considered by this Court. It is not Dr. Bregman's responsibility -- nor should it be -- to consider, among other section 3553 factors, "the need for the sentence imposed -- to protect the public from further crimes of the defendant . . ." 18 U.S.C. § 3553(a)(2)(c). In short, I will consider Dr. Bregman's report, as well as that of Dr. Brockett. SO ORDERED.
>
> [signature] USDJ
> 3-26-08

*The Pellegrino Law Firm* — NEW HAVEN, CONNECTICUT
A PROFESSIONAL CORPORATION