MEMO ENDORSED

**Meringolo & Associates, P.C.**
116 West 23rd Street, Suite 5-137
New York, NY 10011
(212) 386-7617 / (212) 202-4936 fax
www.meringoloesq.com

July 11, 2008

Honorable P. Kevin Castel
U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 7/14/08

***Via Telefax*** **(212) 805-7949**

***RE: Docket No. 07 CR 945-01 (PKC)***
***United States of America v. Garrett D. Santillo***

Dear Judge Castel:

As counsel for the Defendant, Garrett Santillo, I respectfully request a one month adjournment of the sentencing proceeding scheduled in the above matter for Monday, July 14, 2008 at 9:30 a.m.

This request is made as a result of a new development in the matter which my co-counsel, Mr. DeChello has discussed with Assistant U.S. Attorney, Thomas Brown, who is in agreement that the development is positive as demonstrated by his lack of objection to the requested continuance.

The State of Connecticut Department of Mental Health and Addiction Services (DMHAS), has hired a consultant to advise DMHAS concerning Garrett. The consultant, Joan Beasley, Phd., is an expert in developing programs for individuals with autism. Dr. Beasley consults for the State of Connecticut in addition to other states regarding complex cases such as that of Garrett. DMHAS has accepted responsibility for Garrett and we had our first meeting with the consultant, a DMHAS representative, and the Cedarcrest staff on Tuesday, July 8, 2008. The results of that meeting are as follows:

The consultant recommends that DMHAS fund a program for Garrett that will provide a secure "locked" environment with 24-7 staff supervision in an effort to incorporate the treatment plan developed by Dr. Daniel Brockett for Mr. Santillo. It is expected that this program will cost in the range of $200,000 to $240,000 per year. At this time there are two possible locations for the program being considered; one offered by the Community Resources for Justice (CRJ) that is located in western Massachusetts and

the other is a new program in development by DMHAS called Abilities Beyond Disabilities (ABD) that will be located in north western Connecticut. Based on the discussions at the July 8, 2008 meeting, the program DMHAS is considering would potentially cover a time frame beyond the period of incarceration and probation pronounced by the Court. It is for this reason that we believe this development to be especially significant.

In the case of CRJ, Garrett needs to be evaluated before he can be considered for acceptance into the program and the CRJ is the most promising at this time since the ABD program is still in the development stages. The Consultant has suggested that DMHAS begin incorporating parts of Dr. Brockett's plan while Garrett is at Cedarcrest by hiring CRJ or another agency to go into Cedarcrest and begin providing services. The benefits of following such a protocol would permit Garrett to be evaluated, receive services tailored to his needs and also provide insight into ways to better develop or refine the ultimate program for Garrett.

Mindful of the Court's concern that Garrett remain in a secure environment like that offered by Cedarcrest, we have been advised that DMHAS will allow Garrett to remain at Cedarcrest (at a cost of approximately $1,000.00 per day) until the details are worked out concerning the ultimate program that Garrett will be placed in by DMHAS.

Although Garrett remains at Cedarcrest on a voluntary admission basis (he has not been legally committed) the DMHAS representative assured me that even if Garrett requested to leave Cedarcrest (he has not made any such request) he could not do so without a Probate Court hearing that would include notice to his father, William Santillo as Conservator and evidence that a medically acceptable plan exists that meets the security needs for both himself as well as that of the general public.

Based on the foregoing we respectfully request a continuance of one month to enable DMHAS and its consultant to process the steps necessary to identify and get Garrett placed into a facility as outlined above.

Respectfully Submitted,

John C. Meringolo, Esq.

Enclosure

cc: Thomas G. A. Brown, Esq.
Christopher Ferrall
Garrett Santillo
William Santillo

I truly get the sense that defense counsel has ignored or disregarded this Court's oral and written statements on sentencing. The Court's concern is not the security of the environment but the inability of a program to ensure that defendant's ability to serve a year and a day. Mr. Santillo should enter a program which would interfere with his service of the sentence I have announced in this case.

Application Granted to the extent that sentencing is adjourned to Septeber 4, 2008 at 11:00 am

So Ordered: [signature]
Hon. P. Kevin Castel, U.S.D.J.

7-11-08